# APPENDIX.

## NOTES OF CASES NOT OTHERWISE REPORTED.

### CRANE v. GUTHRIE ET AL.

PRACTICE IN THE SUPREME COURT: WAIVER OF APPEAL.

TUESDAY, APRIL 2.

*George Crane*, for plaintiffs.

*Edward McCeney*, for defendants.

SEEVERS, J.—The plaintiff, Crane, appealed from that portion of the decree allowing Burton two hundred and forty dollars, and McNulty one thousand two hundred and fifty dollars. The foregoing opinion (see 47 Iowa, 542) was filed on December 18, 1877, and afterwards, within the time allowed by law, a petition for a rehearing was filed by Burton and McNulty, and on February 27, 1878, a motion was filed by them to. dismiss the appeal of plaintiff on the ground that he (after the rendition of the decree below, and before the appeal had been determined) had "waived his appeal and accepted the provisions of the decree."

It appears that in July, 1877, Crane caused to issue the execution con-, templated in the decree, under and by virtue of which the lands therein described were sold to Crane August 15, 1877. The amount bid by him, however, was not paid to the sheriff, nor was any disposition made thereof in any manner inconsistent with the provisions of the decree, and the, question is whether, by reason of the foregoing matters, this appeal should *now* be dismissed.

It is regarded as extremely doubtful whether this court, after a cause has been determined on its merits, can do anything more than grant a rehearing as to the several matters determined, or which, through inadvertence, were not decided. If the rehearing is not granted, it is doubtful whether we should consider matters not before us when the cause was decided. It may, therefore, be true that this motion comes too late; that it should have been made before the appeal was determined.

However this may be, we do not believe Crane has waived his appeal. If the decree had been affirmed, whatever title he obtained to the lands,

under the sale, would have been charged with the sums awarded by the decree to Burton and McNulty. Nothing was done by Crane, nor could he do anything, that would have the effect to displace, or in any manner prejudice, such lien. Crane had the right to prosecute his appeal unless he had obtained satisfaction of his judgment, or had done some act by which he accepted the provisions of the decree to such an extent as to charge himself absolutely with its burdens, or the defendants would be in some manner prejudiced by his action. But Burton and McNulty were in no manner prejudiced by the sale. Their lien was just as beneficial and perfect afterward as it was before.

A careful consideration of the petition for a rehearing has failed to satisfy us that it should be granted. It must, therefore, be overruled, and so must the motion.